UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re:                                                          Case No.: 20-70072-ast

     Jeffrey Zysberg,                                    Chapter 13

                  Debtor.
-----------------------------------------------------X

## NOTICE OF MOTION

PLEASE TAKE NOTICE that a motion has been made by Lester & Associates, P.C., attorney for the above-captioned debtor, for which the date, time and relief sought are set forth below.

| | |
|---|---|
| RETURN DATE: | July 1, 2020 |
| AND TIME: | 9:30 a.m. |
| JUDGE: | The Honorable Robert E. Grossman |
| COURTROOM: | 290 Federal Plaza |
| | Courtroom 860 |
| | Central Islip, NY 11722-9013 |
| RELIEF SOUGHT: | Motion Objecting to Proof of Claim No. |
| | 14 filed on behalf of Steven and |
| | Toby Rabinowitz. |

PLEASE TAKE FURTHER NOTICE that answering papers, if any, must be filed with the Clerk of the United States Bankruptcy Court and must be served upon LESTER & ASSOCIATES, P.C. as attorney for the debtor at least five days prior to the return date of this motion.

Dated: May 19, 2020
     Garden City, New York           LESTER & ASSOCIATES, P.C.

                                /s/ *Peter K. Kamran*
                              By: Peter K. Kamran, Esq
                              *Counsel to the Debtor*
                              600 Old Country Road, Suite 229
                              Garden City, New York 11530
                              (516) 357-9191
                              pkamran@rlesterlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re:                                                                    Case No.: 20-70072-ast

      Jeffrey Zysberg,                                            Chapter 13

               Debtor.
-----------------------------------------------------X

### THE DEBTOR'S OBJECTION TO CLAIM NO. 14 FILED
### BY STEVEN AND TOBY RABINOWITZ

**TO:   THE HONORABLE ROBERT E. GROSSMAN
       UNITED STATES BANKRUPTCY JUDGE**

    1.     Jeffrey Zysberg (the "**Debtor**") the debtor in the above-captioned bankruptcy case, by and through his undersigned counsel, Lester & Associates, P.C., hereby submits this objection and application (the "**Objection**"), pursuant to 11 U.S.C. § 101, et seq. (the "**Code**") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Rules**"), to Claim No. 14 filed by Steven and Toby Rabinowitz (the "**Claimant**") seeking an order fixing the total amount of Claim 14 as well as the pre-petition arrears due on Claim No. 14.

    2.     The Debtor commenced the above-captioned bankruptcy case (the "**Bankruptcy Case**") by filing a voluntary petition (the "**Petition**") for protection under Chapter 13 of the Bankruptcy Code in the Eastern District of New York on January 6, 2020 (the "**Petition Date**").

    3.     On February 28, 2020, Claimant filed its secured claim in the total sum of $166,924.74 for debt secured by a lien on a real property located at 2730 Claudia Court, Bellmore, New York (the "**Property**"), which was docketed in the claims register for this

Bankruptcy Case as Claim No. 14 ( "**Claim 14**"). A copy of Claim 14 is attached hereto as Exhibit "A".[1]

4.      Claim 14 itself is silent as to any arrears owed by the Debtor. However, Claimant's objection to confirmation of the Debtor's proposed plan of reorganization (the "**Objection**") [dkt item 29] makes clear that Claimant is asserting that the entire amount of $166,924.74 is in arrears and must be paid through the Debtor's proposed plan. A copy of the Objection is attached hereto as Exhibit "B".

5.      However, by letter agreement dated August 7, 2018 (the "**Letter Agreement**") and signed by the Debtor, his wife, and Claimants' counsel, the Debtor and his wife accepted a settlement proposal offered to them by Claimants' counsel the terms of which were that Debtor would make monthly interest only payments to Claimant in the amount of $1,012.00 and would continue to make those payments until Debtor tendered Claimants a lump sum payment of $75,000.00. A copy of the Letter Agreement is attached hereto as Exhibit "C".

6.      After making payments pursuant to the Letter Agreement for approximately one year, the Debtor defaulted in making the October 2019 monthly payment and the payments thereafter. By letter dated December 17, 2019 (the "**Default Letter**"), Claimants' counsel notified the Debtor of the default and threatened to enforce the full judgment amount against the Debtor if the default was not cured by December 31, 2019, although the very clear terms of the Letter Agreement gave no such right to Claimants. A copy of the Default Letter is attached hereto as Exhibit "D".

7.      The Debtor submits that this improper unilateral attempt at altering the terms of the bilateral Letter Agreement settling the dispute between the Debtor and Claimants was

---

[1] Claim 14 arises from a mortgage and note executed by the Debtor on August 12, 2016. Upon the Debtor's default Claimant elected to sue on the note only and obtained an amended money judgment in the face amount of $147,070.26 recorded on August 28, 2018. A copy of the amended money judgment is attached to Exhibit "A".

ineffective as it was not agreed to by all of the parties to the Letter Agreement and the Letter Agreement itself contains absolutely no provision allowing for the enforcement of the full judgment amount.  Indeed, the terms of the Letter Agreement (upon information and belief, drafted solely by Claimants counsel and accepted by the pro se defendants) boil down to the Debtor making monthly interest only payments of $1,012.00 until the lump sum payment of $75,000.00 is made, at which time Claimants will issue a satisfaction of judgment.

8.      The Letter Agreement (i) settled the case resulting in the judgment, (ii) contains no time frame for tendering the $75,000.00 payment, (iii) contains no provision allowing for the enforcement of the full judgment amount, and (iv) is binding upon the Debtor as well as the Claimants.

9.      Therefore, pursuant to the Letter Agreement the Debtor submits that as of the Petition Date the Debtor was in arrears for four (4) monthly interest payments of $1,012.00 for total pre-petition arrears of $4,048.00 for the months of October 2019 through January 2020. And since the Debtor has not yet made the $75,000.00, as of the Petition Date the total amount due under Claim 14 stands at $79,048.00 (arrears of $4,048.00 plus the lump sum payment of $75,000.00).

**WHEREFORE**, it is respectfully requested that this Honorable Court enter an Order (i) fixing the pre-petition arrears due for Claim 14 at $4,048.00, (ii) reducing the total pre-petition balance due pursuant to Claim 14 to $79,048.00, and (iii) granting any such other and further relief as seems just and proper under the circumstances.

Dated: May 20, 2020
        Garden City, New York

                                        Lester & Associates, P.C.

                                        /s/ *Peter K. Kamran*
                                        By:  Peter K. Kamran, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                                          Case No.: 20-70072-ast

    Jeffrey Zysberg,                                        Chapter 13

                   Debtor.
-----------------------------------------------------X

## ORDER FIXING PRE-PETITION ARREARS AND TOTAL
## AMOUNT DUE TO THE HOLDER OF CLAIM 14

An Application having been made by the debtor, Jeffrey Zysberg (the "**Debtor**"), by his

attorneys, Lester & Associates, P.C., seeking an order fixing the total amount of Proof of Claim

No. 14 ("**Claim 14**")  as well as the pre-petition arrears due on Claim No. 14 filed by Steven and

Toby Rabinowitz (the "**Claimants**");

NOW, upon review of the motion papers, no opposition being filed, a hearing having

been held on July 1, 2020, at which Lester and Associates, P.C. appeared for the Debtor and no

one having appeared in opposition, and upon a finding that just cause exists, it is hereby

**ORDERED** that the pre-petition arrears due on Claim 14 are fixed at $4,048.00, and the

total pre-petition amount of Claim 14 is fixed at $79,048.00.

# EXHIBIT "A"

**Fill in this information to identify the case:**

Debtor 1    Jeffrey Zysberg

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Eastern District of New York**

Case number:  **20–70072**

FILED

**U.S. Bankruptcy Court
Eastern District of New York**

2/28/2020

**Robert A. Gavin, Clerk**

## Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| | |
| --- | --- |
| **1. Who is the current creditor?** | Steven and Toby Rabinowitz <br><br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor    Thomas Weiss & Associates, P.C. |
| **2. Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? |
| **3. Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Steven and Toby Rabinowitz <br><br> Name <br><br> Thomas Weiss & Associates, P.C. <br> 1325 Franklin Avenue <br> Suite 225 <br> Garden City, NY 11530 <br><br> Contact phone ___5167467452___ <br><br> Contact email ___thomas@tweisslegal.com___ <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> _____ | **Where should payments to the creditor be sent?** (if different) <br><br> Name <br><br><br><br><br> Contact phone _____ <br><br> Contact email _____ |
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____ <br> MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ 166924.74

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Amended judgment obtained in Supreme Court, Nassau County on 8/27/18, Index No. 611411/2017

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**   Docketed Judgment

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $ 650000.00

**Amount of the claim that is secured:**   $ 166924.74

**Amount of the claim that is unsecured:**   $ 0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____

**Annual Interest Rate** (when case was filed)   9   %

☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).　$_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).　$_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).　$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).　$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).　$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies　$_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date　2/28/2020

MM / DD / YYYY

/s/ Thomas Weiss

Signature

Print the name of the person who is completing and signing this claim:

Name　Thomas Weiss

First name　Middle name　Last name

Title　Attorney for Creditor

Company　Thomas Weiss & Associates, P.C.

Identify the corporate servicer as the company if the authorized agent is a servicer

Address　1325 Franklin Avenue

Number　Street

Garden City, NY 11530

City　State　ZIP Code

Contact phone　5167467452　Email　thomas@tweisslegal.com



**Nassau County**
**Maureen OConnell**
**County Clerk**
**Mineola, NY 11501**

---

**Ref ID#: EC 17 611411**  **Instrument Number: 2018- 00175096**
As
**JE8 - ELECT AMEND SUPREME JUDG ORDER**

**Recorded On:** August 28, 2018
**Parties:** STEVEN RABINOWITZ
**TO** JEFFREY ZYSBERG A/K/A  **Num Of Pages: 5**
**Recorded By:** THOMAS WEISS  **Comment:**

---

**** Examined and Charged as Follows: ****

JE8 - ELECT AMEND SUPREME J  0.00
  **Recording Charge:**  0.00

---

**** THIS PAGE IS PART OF THE INSTRUMENT ****

I hereby certify that the within and foregoing was recorded in the Clerk's Office For:  Nassau County, NY

**File Information:**  **Record and Return To:**
  Document Number:  2018- 00175096
  Receipt Number:  1196616
  Recorded Date/Time:  August 28, 2018 10:21:16A
  Book-Vol/Pg:  Bk-K  Vl-257  Pg-203
  Cashier / Station:  0 DAL  /  NCCL-JCRVBP2

---



*Maureen O'Connell*
**County Clerk Maureen O'Connell**

FILED: NASSAU COUNTY CLERK 08/27/2018 09:00 AM
INDEX NO. 611411/2017
NYSCEF DOC. NO. 23
RECEIVED NYSCEF: 08/28/2018
06/26 2018 15:00 IFAX flowport@ob-flowport.oandb.com
→ A-Scan-Flowport  ☐003/021

At an IAS Part ___25___ of the
Supreme Court of the State of
New York, held in and for the
County of Nassau, at 100
Supreme Court Drive, Mineola,
New York 11501, on the 21
day of August 2018.

P R E S E N T :

Hon. Jack L. Libert , Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
STEVEN RABINOWITZ and TOBY RABINOWITZ,

                Plaintiffs,

    -against-

JEFFREY ZYSBERG a/k/a JEFF ZYSBERG and
JANET ZYSBERG a/k/a JANET ZELLER a/k/a
JANET Z. ZELLER,

                Defendants.
-----------------------------------------------------------------X

Index No.: 611411/2017

amended
JUDGMENT

This is an action to recover monies as a result of an alleged breach of a
promissory note.

The above-captioned action came before the Court by Summons and Complaint
filed on October 25, 2017. Issue was joined by service of an answer on or about
November 28, 2017.

The plaintiffs having appeared by their attorneys, Thomas Weiss & Associates,
P.C.,

1

And the Defendants having appeared *pro se*,

Plaintiffs moved for summary judgment, by notice of motion dated Dec 8, 2017 and affirmation of Thomas Weiss dated Dec 4, 2017

And Defendants submitted opposition thereto,

And Plaintiffs submitted reply thereto,

And the issues having been heard on May 18, 2018, on the record in open court and this Court after having had due deliberation thereon,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

Plaintiffs' motion for summary judgment is granted, and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiffs STEVEN RABINOWITZ and TOBY RABINOWITZ, 36 Doral Court, New City, New York 10956 are awarded judgment against the Defendants JEFFREY ZYSBERG a/k/a JEFF ZYSBERG and JANET ZYSBERG a/k/a JANET ZELLER a/k/a JANET Z. ZELLER, 2730 Claudia Court, Bellmore, New York 11710 in the sum of one hundred thirty-four thousand eight hundred seventy-two dollars and thirty-nine cents ($134,872.39), together with interest in the amount of $11497.87 and costs and that the Plaintiffs may have execution as taxed by the clerk in the amount of $ 700.00 thereon. for a total of $ 147070.26

Dated:

Mineola, New York

E N T E R:

_____
Hon. Josh L. Libert, SSC

2

**ENTERED**
AUG 27 2018
NASSAU COUNTY
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X
STEVEN RABINOWITZ and TOBY RABINOWITZ     Index No.: 611411/2017

Plaintiff,

  -against-

**AFFIRMATION OF**
**NON-PAYMENT**

JEFFREY ZYSBERG a/k/a JEFF ZYSBERG and
JANET ZYSBERG a/k/a JANET ZELLER a/k/a
JANET Z. ZELLER,

Defendants.

------------------------------------------------------------X

      THOMAS WEISS, an attorney duly admitted to practice law in the Courts of the State of

New York, affirms the following under the penalties of perjury pursuant to CPLR § 2106:

      1.   I am the principal member of THOMAS WEISS & ASSOCIATES, P.C., and as

such, I am fully familiar with the facts and circumstances of this matter.

      2.   This affirmation is submitted in support of a judgment pursuant to order, without

further notice to the Defendant herein, in the amount of $158,563.77; together with such further

relief this Court deems proper.

      3.   On July 24, 2018, a judgment was entered in the Nassau County Clerk's office with

the index number 611411/2017. The judgment awarded Plaintiffs judgment against the

Defendants JEFFREY ZYSBERG a/k/a JEFF ZYSBERG and JANET ZYSBERG a/k/a JANET

ZELLER a/k/a JANET Z ZELLER, in the sum of one hundred thirty-four thousand eight hundred

seventy-two dollars and thirty-nine cents ($134,872.39) together with interest and costs and that

the Plaintiffs have execution thereon. A copy of the judgment is annexed hereto as Exhibit "A".

      4.   Legal interest from the date of default through August 8, 2018 is $11,497.87. The

total balance due to date, with interest is $158,563.77.

      5.   Defendants were served with a Notice of Entry dated July 27th, 2018 via first class

mail. A copy of which is annexed hereto as Exhibit "A".

WHEREFORE, it is respectfully requested that judgment be entered for the amount set forth in the judgment, together with interest, costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
August 8, 2018

Thomas Weiss

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | Part 3: Arrearage as of Date of the Petition | Part 4: Monthly Mortgage Payment |
|---|---|---|---|
| Case number: 20-70072-reg | Principal balance: 147070.26 | Principal & interest due: _____ | Principal & interest: _____ |
| Debtor 1: Jeffrey Zysberg | Interest due: 19,854.48 | Prepetition fees due: _____ | Monthly escrow: _____ |
| Debtor 2: _____ | Fees, costs due: _____ | Escrow deficiency for funds advanced: _____ | Private mortgage insurance: _____ |
| Last 4 digits to identify: ___ ___ ___ ___ | Escrow deficiency for funds advanced: _____ | Projected escrow shortage: _____ | Total monthly payment: _____ |
| Creditor: Steven + Toby Rabinowitz | Less total funds on hand: – _____ | Less funds on hand: – _____ | |
| Servicer: _____ | Total debt: 166,924.74 | Total prepetition arrearage: _____ | |
| Fixed accrual/daily simple interest/other: _____ | | | |

## Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **A.** Date | **B.** Contractual payment amount | **C.** Funds received | **D.** Amount incurred | **E.** Description | **F.** Contractual due date | **G.** Prin, int & esc past due balance | **H.** Amount to principal | **I.** Amount to interest | **J.** Amount to escrow | **K.** Amount to fees or charges | **L.** Unapplied funds | **M.** Principal balance | **N.** Accrued interest balance | **O.** Escrow balance | **P.** Fees / Charges balance | **Q.** Unapplied funds balance |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

Official Form 410A

**Mortgage Proof of Claim Attachment**

# EXHIBIT "B"

**UNITED STATES BANKRPUTCY COURT**            **Return Date: April 6, 2020**
**EASTERN DISTRICT OF NEW YORK**              **Time: 9:30 a.m.**
-------------------------------------------------------------------X
In Re:                                                              Case No.: 20-70072-reg

      JEFFREY ZYSBERG,
                                                                    Chp. 13
               Debtor

-------------------------------------------------------------------X

**OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN**

      Steven Rabinowitz and Toby Rabinowitz (hereinafter "Creditors"), secured creditor of the aforementioned Debtor, by and through their counsel Thomas Weiss & Associates PC, hereby objects to the Debtor's Chapter 13 Plan (the "Plan"), filed February 20, 2020, as follows:

      1.      Creditors have a secured claim that encumbers the real property located at 2730 Claudia Court, Bellmore, NY 11710.

      2.      Creditors have filed a timely filed a Proof of Claim with the Court before the Bar date of March 16, 2020.  Pursuant to the Proof of Claim, there were arrears at the time of filing in the amount of $166,924.74.  The proof of claims has not been objected to by the Debtor.

      3.      Creditors' objects to the Plan because it is insufficient and infeasible to cure the full pre-petition arrears owed.

      4.      The Debtor's Plan does not account for Creditors' pre petition arrears; accordingly, it is unclear if the Plan provides for the value of Creditors' claim.

      5.      Pursuant to § 1322(b)(3) and (5) of the Bankruptcy Code, the Chapter 13 plan of reorganization must cure a default owed to a creditor that holds a secured claim within a reasonable period of time.  The Plan does not cure the default under the Note

held by Secured Creditors. Since the Plan does not cure the default under the Note, Secured Creditors objects to the confirmation.

WHEREFORE, Creditors reject the Debtor's Plan, as proposed, and respectfully request that the confirmation of the Chapter 13 Plan be denied; together with such other and further relief against the Debtor as this Court deems just and proper.

.

Dated: Garden City, New York
     March 17, 2020

                         THOMAS WEISS & ASSOCIATES PC

                By     /s/ Kafi Harris_____
                       Kafi Harris- Of Counsel
                       1325 Franklin Avenue, Suite 225
                       Garden City, New York 11530
                       (516) 746-7452

# EXHIBIT "C"



# THOMAS WEISS & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

1305 FRANKLIN AVENUE, SUITE 300
GARDEN CITY, NEW YORK 11530
Phone: (516) 746-7452
Fax:    (516) 280-4446
e-mail: thomas@tweisslegal.com
www.tweisslegal.com

August 7, 2018

Jeffrey and Janet Zysberg
2730 Claudia Court
Bellmore, NY 11710

**FOR SETTLEMENT PURPOSES ONLY**

Re:    Steven Rabinowitz and Toby Rabinowitz v.
Jeffrey Zysberg a/k/a Jeff Zysberg and Janet
Zysberg a/k/a Janet Zeller a/k/a Janet Z. Zeller
Supreme/Nassau Index No: 611411/2017

Dear Mr. and Mrs. Zysberg:

As you may recall, I represent the Plaintiffs in the above-referenced matter.

Pursuant to my conversation with Mr. Zysberg of even date, you have agreed to make monthly payments to my clients on the first of every month beginning on September 1, 2018 in the amount of $1,012.00 each, which represents interest only at the statutory rate of 9% on the full judgment amount of $134,872.39.

In order to settle this case, you shall continue to make these payments on the first of every month until you make one lump sum payment to my clients in the amount of $75,000.00.

Upon my clients' receipt of the lump sum payment of $75,000.00, we will provide you with a satisfaction of judgment.

If you want to accept this settlement offer and prevent any further enforcement and collection efforts, please indicate same by signing in the space designated below and returning a copy of this letter..

Very truly yours,

THOMAS WEISS & ASSOCIATES, P.C.

Thomas Weiss

Agreed to and accepted by:

Jeffrey Zysberg                    Janet Zysberg

# EXHIBIT "D"



# THOMAS WEISS & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

1325 FRANKLIN AVENUE, SUITE 225
GARDEN CITY, NEW YORK 11530
Phone: (516) 746-7452
Fax:   (516) 280-4446
e-mail: thomas@tweisslegal.com
www.tweisslegal.com

December 17, 2019

**VIA REGULAR AND CERTIFIED MAIL**
Jeffrey and Janet Zysberg
2730 Claudia Court
Bellmore, NY 11710

### NOTICE OF DEFAULT

Re:   Steven Rabinowitz and Toby Rabinowitz v.
Jeffrey Zysberg a/k/a Jeff Zysberg and Janet
Zysberg a/k/a Janet Zeller a/k/a Janet Z. Zeller
Supreme/Nassau Index No: 611411/2017

Dear Mr. and Mrs. Zysberg:

As you may recall, I represent the Plaintiffs in the above-referenced matter.

Please be advised that you are and have been in default of the August 7, 2018 settlement agreement in failing to pay the sum of $1,012.00 per month to Steven and Toby Rabinowitz. You currently owe the sum of $3,036.00 for three missed payments.

Demand is hereby made to pay said sum no later than December 31, 2019. Otherwise, my client will enforce the full amount of the judgment entered on July 24, 2018 against you in the sum of $134,872.39, together with interest and costs, less payments made.

Be guided accordingly.

Very truly yours,

THOMAS WEISS & ASSOCIATES, P.C.

Thomas Weiss