UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                                                    Case No.: 20-70072-ast

       Jeffrey Zysberg,                                           Chapter 13

               Debtor.
-----------------------------------------------------X

## AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE

TO:    THE HONORABLE ROBERT E. GROSSMAN
          UNITED STATES BANKRUPTCY JUDGE

Peter K. Kamran, an attorney duly admitted to practice before this Court affirms under penalty of perjury as follows:

1. Affirmant is of counsel to the law firm of Lester & Associates, P.C., counsel to the debtor Jeffrey Zysberg (the "**Debtor**") and this affirmation is submitted in support of the Debtor's application ("**Application**") seeking an Order pursuant to 11 U.S.C. Sections 105 and 1301 (i) directing and ordering Steven and Toby Rabinowitz and/or their agents and representatives (the "**Claimants**") to cease any and all judgment enforcement and collection activities against the Debtor's wife, Janet Zysberg ("**Ms. Zysberg**"), (ii) directing that any funds seized from Ms. Zysberg be immediately returned, and (iii) holding Claimants in violation of the co-debtor stay and sanctioning Claimants in an amount to be determined by the Court, but not less than Debtor's attorney's fees in connection with this Application.

2. On January 6, 2020 (the "**Filing Date**") the Debtor commenced the above-captioned Chapter 13 Bankruptcy Case (the "**Bankruptcy Case**").

3. On February 28, 2020, Claimants filed proof of claim 14 ("**POC 14**")[1]. POC 14 evidences a debt owed to Claimants by the Debtor and Ms. Zysberg (the Debtor's wife) with regards to a money judgment obtained in connection with a second mortgage loan encumbering the Debtor's principal residence commonly known as 2730 Claudia Court, Bellmore, New York (the "**Property**"). Further, on or about March 20, 2020, Claimants commenced an Adversary Proceeding[2] against the Debtor seeking to deny dischargeability of the debt evidenced by POC 14. There is no question that Claimants have been very active participants in the Debtor's Bankruptcy Case.

4. Recently it came to the attention of the Debtor and Ms. Zysberg that Claimants have served a garnishment notice on TD Bank. N.A. and seized and/or frozen almost all of the funds in account number XXXXXX9946 (the "**Account**"). Copies of the garnishment notices received by TD Bank N.A. are attached to the accompanying declaration of Jeffrey Zysberg executed on June 7, 2020 (the "**Zysberg Dec.**") as Exhibit "1". This Account is the Account into which Ms. Zysberg's employment income is deposited.

5. Upon learning of the above, this office immediately contacted Claimants' counsel and demanded that all such collection efforts cease as they were in violation of the co-debtor stay provided for by 11 U.S.C. §1301. Initially Claimants' counsel stated his clients were not familiar with the name of the attorney who signed the garnishment notices. However, upon further investigation Claimants' counsel acknowledged that the garnishment notices were sent by a collection firm on behalf of Claimants. Counsel also stated that he had advised the collection group to "release any holds and relinquish any collection efforts at this time". The email chain evincing these communications is attached hereto as Exhibit "A".

---

[1] An objection to POC 14 seeking to enforce a settlement reached between the Debtor and Ms. Zysberg on the one hand and Claimants on the other has been filed and is scheduled to be heard by the Court on July 1, 2020. [Dkt item 34]

[2] Steven and Toby Rabinowitz vs. Jeffrey Zysberg, et. ano., Adv. Pro. No. 20-08056-reg.

6. This last communication from Claimants' counsel was on June 2, 2020, and the funds have still not been returned to the Account. Since then and despite repeated attempts to have this issue resolved without the need for the Court's intervention, no further response has been received from Claimants' counsel.

7. 11 U.S.C. § 1301(a) provides as follows:

> **(a)** Except as provided in subsections (b) and (c)[3] of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless--
> **(1)** such individual became liable on or secured such debt in the ordinary course of such individual's business; or
> **(2)** the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

11 U.S.C.A. § 1301 (West)

8. Initially, it is clear that through the issuance of the garnishment notices to Ms. Zysberg's bank Claimant is attempting to collect a debt from Ms. Zysberg for which both Mr. and Ms. Zysberg are liable; i.e. Claimants' money judgment rendered in connection with the Zysberg's default on their second priority mortgage loan. See POC 14.

9. Likewise it is clear that the mortgage loan debt is a consumer debt. In re Gunderson, 76 B.R. 167, 169 (Bankr. D. Or. 1987) ("There seems to be no dispute that the loan was incurred by the debtor in order to purchase a home for the debtor's family. This being the case, the debt falls squarely within the definition of "consumer debt" in § 101(7). Thus, the court need not, and should not, inquire further.")

---

[3] Subsections (b) and (c) are not applicable in this instance. Claimants are not presenting a negotiable instrument and/or giving notice of dishonor of such instrument and Claimants have filed no application with the Court seeking to lift the co-debtor stay.

10. Further, "[t]he purpose of the codebtor stay is to protect the debtor, not the nondebtor obligor. The legislative history regarding the codebtor stay states that its purpose is to protect the debtor from "indirect pressure from a creditor exerted through his friends or relatives to favor or prefer that creditor." In re Lemma, 394 B.R. 315, 320 (Bankr. E.D.N.Y. 2008)(internal citations omitted).

11. In this case, Claimants' collection actions against Ms. Zysberg clearly fall squarely within those actions prohibited by the codebtor stay provided by 11 U.S.C. § 1301(a). The Debtor needs his wife's income to make the payments called for in his proposed amended plan of reorganization (the "**Plan**") [dkt item 32][4] and Claimants have improperly cut off that income, thus squashing the Debtor's ability to reorganize.

12. Lastly, pursuant to 11 U.S.C. §105, the Debtor seeks sanctions against Claimants for their continuing unresolved violation of the codebtor stay in an amount to be determined by the Court, but not less than Debtor's attorney's fees in connection with this Application.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order pursuant to 11 U.S.C. Sections 105 and 1301 (i) directing and ordering Steven and Toby Rabinowitz and/or their agents and representatives to cease any and all judgment enforcement and collection activities against the Debtor's wife, Janet Zysberg, (ii) directing that any funds seized from Ms. Zysberg be immediately returned, and (iii) holding Claimants in violation of the co-debtor stay and sanctioning Claimants in an amount to be determined by the Court, but not less than Debtor's attorney's fees in connection with this Application.

---

[4] Attached as Exhibit "2" to the Zysberg Dec. is a copy of Ms. Zysberg's affidavit of contribution which was provided to the Chapter 13 Trustee.

Dated: June 8, 2020
      Garden City, New York

                                              LESTER & ASSOCIATES, P.C.

                                              /s/ *Peter K. Kamran*
                                              Peter K. Kamran
                                              *Counsel to the Debtor*
                                              600 Old Country Road, Suite 229
                                              Garden City, New York 11530
                                              (516) 357-9191
                                              pkamran@rlesterlaw.com

# EXHIBIT "A"

# Peter K. Kamran, Esq.

**Subject:**              FW: Zysberg - Violation of 11 USC 1301

---

**From:** Thomas Weiss [mailto:tweisslaw@gmail.com]
**Sent:** Tuesday, June 02, 2020 12:39 PM
**To:** Peter K. Kamran, Esq.
**Subject:** Re: Zysberg - Violation of 11 USC 1301

Mr. Kamran,

Upon further inquiry, it has come to my attention that certain collection efforts were initiated by my client without their realization that the stay was effective against Janet Zysberg as a co-debtor.  I had a conversation with someone at the collection group and advised them that they must release any holds and relinquish any collection efforts at this time, which they have assured me that they will do.  In the interim, I trust that Ms. Zysberg is not going to try to fraudulently convey the funds.

Tom Weiss

On Tue, Jun 2, 2020 at 12:18 PM Peter K. Kamran, Esq. <pkamran@rlesterlaw.com> wrote:

> Mr. Weiss,
>
> Thank you for the below.  However, the bank provided Janet Zysberg with that name and the index number from the Rabinowitz state court action so the bank must have gotten that information from somewhere.  Are you aware of any collection efforts against either Jeffrey or Janet Zysberg not being conducted through the Bankruptcy Court?
>
> Peter K. Kamran, Esq. of Counsel
> **Lester & Associates, P.C.**
> Attorneys at Law
> 600 Old Country Road, Suite 229
> Garden City, New York 11530
> Telephone (516) 357-9191
> Facsimile   (516) 357-9281
> www.rlesterlaw.com
>
> pkamran@rlesterlaw.com
>
> **PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT -**The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege.  This e-mail message may not be forwarded without the prior written consent of Lester & Associates, P.C.  If the reader of this message is not the intended recipient, you are hereby notified  that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited.  If you have received this communication in error, please (i) notify us immediately by telephone at (516) 357-9191, (ii) return the original message and all copies to Lester & Associates, P.C.  at the address above via the U.S. postal service, and (iii) delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media.  Thank you.

**From:** Thomas Weiss [mailto:tweisslaw@gmail.com]
**Sent:** Tuesday, June 02, 2020 11:26 AM
**To:** Peter K. Kamran, Esq.
**Subject:** Re: Zysberg - Violation of 11 USC 1301

Good morning Mr. Kamran,

I discussed your e-mail with my clients. They advise that they are not familiar with any attorney by the name of Carolyn Daley Scott.

On Mon, Jun 1, 2020 at 3:14 PM Peter K. Kamran, Esq. <pkamran@rlesterlaw.com> wrote:
> Mr. Weiss:
>
> It has come to our attention that an attorney named Carolyn Daley Scott has on behalf of Steven & Toby Rabinowitz attached/seized approximately $62,000 (the "Funds") from an account in the name of, among others, Janet Zysberg. At your earliest convenience please advise if this is true as Ms. Scott has not returned my phone call.
>
> Please also be advised that this collection effort on behalf of the Rabinowitzs is a clear violation of the automatic co-debtor stay provided by 11 U.S.C.§ 1301. As such I demand that the Funds be immediately returned to the account and any collection efforts cease. Absent your confirmation of such compliance prior to close of business we will have no choice but to seek immediate relief from the Bankruptcy Court.
>
> I await you response.
>
> Peter K. Kamran, Esq. of Counsel
> **Lester & Associates, P.C.**
> Attorneys at Law
> 600 Old Country Road, Suite 229
> Garden City, New York 11530
> Telephone (516) 357-9191
> Facsimile   (516) 357-9281
> www.rlesterlaw.com
>
> pkamran@rlesterlaw.com
>
> **PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT -**The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege.  This e-mail message may not be forwarded without the prior written consent of Lester & Associates, P.C.  If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited.  If you have received this communication in error, please (i) notify us immediately by telephone at (516) 357-9191, (ii) return the original message and all copies to Lester & Associates, P.C.  at the address above via the U.S. postal service, and (iii) delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media.  Thank you.